May it please the court. My name is Steven Joseph Wilms. I'm an attorney with the Law Offices of the Public Defender for the County of San Bernardino, State of California. I'm not with the Federal Public Defender. Thank you. Okay. And I'm going to try and reserve three minutes. Okay. I may not make it, but I'm going to try. Anyway, I was going to begin with the court's February 11th order and in doing that, the answer to the court's first question is no. The answer to the court's second question is yes. This court does have jurisdiction. I respectfully submit the court has what I'll refer to as constitutional jurisdiction, even though there is no statutory jurisdiction. So you agree that the pre-filing requirement doesn't apply to this petition and therefore the particular motion procedure doesn't apply? Yes. It does not apply to 2241B1, 2244B1. I still think the rest of the procedures apply and allow me to explain. From the very beginning, my position has been that the controlling authority in this case is Marbury v. Madison. Okay. And Marbury v. Madison teaches us that when a court is faced with a conflict between a legislative mandate and a constitutional duty to protect... I understand that, but the question actually and the relevant analogy to Marbury is can we assert original jurisdiction, which was actually the mistake in Marbury, that the Supreme Court didn't have original jurisdiction? It does not appear, based on the wording of 2244, that we have original jurisdiction and that this should be in the district court, and it can hear your constitutional challenge to the B1 rule. I don't think it can because the only way to get back to the federal district court on a habeas petition is through 2244, right? A second or successive petition is barred. Your claim is that the rule in B1 that requires it to be dismissed is unconstitutional. Why can't a district court hear that and say, I understand the statute tells me I have to dismiss it, but the constitution tells me otherwise I will follow the constitution and not dismiss it. Why can't a district court do that? Because pursuant to 2244, the circuit court has to make that decision. But based on the analysis that I'm going to apply now, I think due process requires this court to grant the application. What gives this constitutional, original constitutional authority to do this? The due process clause of the 14th amendment. Okay, and nothing, um, all right. Um, so that the reason I'm confused is because the Supreme Court has said that it is recognized that originally it did not have jurisdiction over state habeas matters, that it was conferred by statute, not conferred under the habeas clause of the of the of the jurisdiction under under the due process clause by virtue of the 14th amendment. So all the pre-14th amendment cases in which the Supreme Court denied that it had jurisdiction over over habeas cases coming from state courts are simply irrelevant. Is that your argument? Under the unique facts of these cases, I had trouble following what you said. But let me give you the premise again. The Supreme Court said one of the cases that I was looking at was Filker v. Turpin, which is 1996. Correct. So in Filker, the court traces sort of the history of the court's jurisdiction over federal habeas and state habeas. And it acknowledges in there that for many, many years, until probably post-Civil War, the Supreme Court did not have jurisdiction to hear habeas appeals in state cases. It could only hear habeas in Federal cases. There were some very rare exceptions to that. So the Supreme Court suggested that its authority to hear state habeas matters is statutory, not constitutional. Now, if that's true, are you telling us that the 14th amendment altered that situation so that so that any federal court district court of appeals or Supreme Court may hear an original habeas matter coming from the states? And how do you get that out of a due process clause? My argument is under the unique facts of this case. Yeah, but unique facts of the case don't tell us what our constitutional authority is, and that's what you've rested on now. Because you've told us that we have constitutional jurisdiction to hear this, because we don't have statutory jurisdiction. My argument is you have constitutional jurisdiction to grant the application strictly under 2244B1, and under the jurisdictional statutes 2244B3A in 2244. And the reason that you do is because under the facts and circumstances of this case, it will be fundamentally unfair to not give Ms. Chatties a second shot in the district court. And the best way I could explain that is to go through the record or the procedural history of the case to show you why it is so, it's not even just unfair, it's fundamentally unfair to the point that it's reached constitutional magnitude. But isn't that unfairness addressed if we transfer this to the district court to consider the petition and to consider your argument that B1 as applied is unconstitutional? My understanding in reading 2244 is that it has to take place in the circuit court. I mean, if the court wants to transfer it to the district court to make that determination, I'm more than happy to argue that before the district court. Well, we are the only ones who have jurisdiction to decide whether, I suppose you could say, we're the only ones who can decide whether an application is going to be granted pursuant to this statute. But that doesn't mean that we necessarily are the only court that can consider your constitutional argument, or at least that you can't apply to consider your constitutional argument. Well, my reading under 2244 is just that, that this court does have exclusive jurisdiction in that regard. If I'm mistaken and if the court disagrees and wants to transfer it to the district court, again, I'm more than happy to make the argument there. Okay. And with that, I'll reserve. Thank you. Good morning, Your Honors, and may it please the Court, Christopher Beasley, Deputy Attorney General, on behalf of the respondent. I think that, Judge Bybee, you're right in terms of where the power and the authority and the jurisdiction flows from. It's a statutory authority for the federal courts to consider state habeas matters. It doesn't flow from the Constitution. It flows from the statutes from Congress. And that's true in a lot of respects with a lot of different kinds of subject matter jurisdiction questions where Congress says what the federal courts can or cannot decide. And so the state habeas cases such as this are governed by statute. And so 2244, which places a bar in place for second or successive petitions unless the district or unless the circuit court grants an application, that bar is there. And it's even farther than just a bar because 2244B1 says if it's the same claim, the claim has to be dismissed. It's jurisdictional. The court has no power to even decide it or entertain it. But his argument is that as applied, B1 is unconstitutional. Right. So somebody can hear that argument. And the question is, who is that somebody? Is it us in this procedural posture or is it somebody else? I'm not sure that this court can hear it. And I don't necessarily agree that the district court can hear it. I think it's just barred. And I think that it's not... Do you read the statute as precluding the courts from considering the constitutionality of the statute? In habeas proceedings, I think it would require a different kind of proceeding, and I'm not sure what, but some other sort of civil challenge to the statute and the constitutionality of the statute. I don't think it works in habeas. Because the thing is that what habeas is all about is where does the unlawful custody flow from? And the unlawful custody does not flow from whether the claim can be heard or not. The unlawful custody flows from something else, which is the underlying claim, not whether the claim can be heard, but the underlying ineffective assistance claim. But the specific issue here is B1. And B1 ignores all of the circumstances other than that the claim was previously raised. And it says if the claim was previously raised, then it shall be dismissed. Correct. Now, his contention is that the constitution, as applied to this case, does not permit an automatic dismissal without regard to the other circumstances he thinks are relevant. I would have thought that under Marbury that a court could say that, evaluate whether or not, and the district court, if presented with that petition, could evaluate whether or not that constitutional claim was valid. And I don't read B1 as trying to deprive the district court of that authority. Well, I think B1 does deprive it of that authority in the context of a habeas proceeding. And it's not just B1, but it's also, I think, B4, where even where the circuit court grants an application and it gets transferred to the district court. And if the requirements of that section 2244 are not met, the district court, again, has to dismiss. So it's not just in B1, it's twice in subdivision B. So I don't think it's in the context of habeas that that challenge would have to be raised. I think it's in some other kind of civil suit against, I don't know who, but to challenge the constitutionality of that statute. Now, I understand that there's kind of a visceral reaction in this case that it seems unfair that she hasn't gotten her day in court. But that's not entirely true if you look at this record. She's had this claim adjudicated twice, once in the federal courts. Now, albeit the contention is that it wasn't raised well enough in the federal courts the first time. But then she also was able to raise it most recently in the superior court and had it adjudicated and denied on the merits in the superior court. So what troubles me is that you're considering her claim here to be the ineffective assistance of counsel claim trial. Is that not correct? I see her claim here could be characterized as she was denied her right to counsel at the first habeas proceeding in order to make that claim. So if you look at it that way, then it really is unfair to deprive her of a forum. Well, but the thing is that she hasn't been deprived of a forum to litigate the claim, the ineffective assistance of trial counsel. I agree with you. She's litigated that position, but she didn't have counsel at the proper time to really go into it. To me, that's a real claim. Where can she argue that? Well, she's had her day in court, in this federal court, where she was able to raise the IAC of trial counsel claim. As far as being able to raise a claim of ineffectiveness of post-conviction counsel, first of all, the Supreme Court has never held and has actually explicitly refrained from going that far. How does she get there to make that claim? She wants to get to the Supreme Court in order to have them reconsider Martinez and recognize this. How do you do that? This wouldn't be the case for that because she's procedurally barred, she's jurisdictionally barred. But in another case, the way to do it would be through, had the claim been raised in post-conviction proceedings in the state trial court. It's an initial review type of case where that's the only venue, like in Martinez, where the only place to raise an ineffective assistance of trial counsel claim would be in a habeas collateral proceeding. She raises it there, and then it doesn't work. And then she goes to the federal courts and claims, I received ineffective post-conviction counsel, assistance of post-conviction counsel in the federal claim. Now that person can get that claim adjudicated in the federal courts, and it can make its way up through the courts. That kind of a posture, that can make it all the way to the U.S. Supreme Court. But because of the posture of this case, this particular litigant can't because jurisdictionally she's barred from doing so. And like I say, the claim, ultimately the IAC claim, the underlying claim, has been adjudicated twice. So it's not that it's that unfair. And furthermore, there's no constitutional right to having federal review of a claim in habeas. I mean, that's really what this boils down to, is she's had her claim, she's made it in the state court, and it was denied. And now she wants to be able to raise it in the federal court. But there's no constitutional right to have the federal court adjudicate the claim. That sounds like an argument that, and I understand your argument, that her constitutional challenge to B-1 lacks merit. But who gets to decide, is she able to present her argument that B-1, I hear you loud and clear that you think that that has, given the structure of habeas, that that claim is doomed to failure, that B-1 is unconstitutional as applied to her. But can we hear, can someone decide that claim? Can a district court decide that? I don't think so. Not the way that the, I don't think so. Not in the context of habeas proceedings, and not given the statutory subject matter jurisdiction that's ultimately conferred upon the federal courts in these kinds of cases. Would it be possible to file an original habeas in the Supreme Court? 2241 grants permission, I think, to have a circuit justice. I think that's a Supreme Court justice. I think that can be done. But then I think the practice is, under federal rules, rule 22, I think it gets transferred back to the district court anyway. But I think it's possible to do that under 2241A, if I'm not mistaken. Suppose we think that this should have been filed in the district court. What is, is there a procedure for getting there? Do we, is it a... transfer it under 22, or? That's the authority that you have under 2241A, is that a circuit judge, a single circuit judge, can transfer the matter to the district court. I don't think that a three-judge panel can do that under the reasoning of Cohn and Burwell and Noriega-Sandoval. So I think a single one of you could do it. But I think it would be, again, I think that it would ultimately be a futile act, because then the district court has it, and they're looking at this, and, well, we have no jurisdiction under B1, and they dismiss it. I mean, that's certainly the motion that I would file, is to dismiss it. But that's, this is not an easy case. I understand that it's not an easy case. But I think that jurisdiction is just not there for any court. And it's unfortunate, but the claim has been adjudicated twice. She's had her day in court. Statutorily, this court doesn't have any jurisdiction. The district court doesn't have any jurisdiction. And with that, I'd submit. Thank you. Judge Bidey? Yes. To answer your question, my understanding, and my fallback on this, was that under Felker v. Turpin, the U.S. Supreme Court held that 2244 did not extinguish its original habeas jurisdiction. So my thought was that if this court decides or holds that it does not have jurisdiction, my last fallback would be to file an original petition in the U.S. Supreme Court. And so you do have that option of filing an original habeas? Yes. Okay. And, and, and is there, counsel suggests there might be a procedure under which the Supreme Court would then decide to transfer it to a district court. That's not my reading of Felker v. Turpin. My under, my understanding is that under Felker v. Turpin is the United States Supreme Court will either will or will not issue an order to show cause. It will exercise the original jurisdiction. And 2244 does not extinguish that original jurisdiction. My problem with remanding it to the district court is just what Mr. Beasley described, is that I'm going to immediately be hit with a motion to dismiss it under 2244B1, which quite frankly would be valid because it is a second petition. Lastly, what I really want to emphasize is that Ms. Chatties did not have her day in federal court. You know, when the original habeas petition was filed, there was a mixed petition. The purpose of habeas review is to determine whether, to determine whether or not there was an unreasonable application, in this case of Strickland. That obviously did not happen in the original habeas petition because there was no state court judgment. And if the court read, I'm sure the court read the record carefully, it's offensive how incompetent the representation was in the first federal habeas proceeding. It was a one-sentence conclusory allegation, not supported by any evidence, not supported by any case authority, simply a one-sentence statement saying trial counsel provided ineffective assistance of counsel. So of course, the district court found it to be plainly meritless. It was. So she hasn't had her day in court to have the federal district court determine whether or not there was an unreasonable application of Strickland. And with respect to not having a constitutional right to federal habeas review, my last fallback is Evitz v. Lucey. When a state opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accordance with the dictates of the Constitution, and in particular, in accord with the Due Process Clause. So, and this had to do with the right to appeal. When a state chooses to act in a particular area, it can't be, excuse the slang, all willy-nilly about it. If it's going to act in that area, its actions and the rights and the remedies available must be provided equally and fairly. And in this case, they clearly were not. We're at a point now where we're ready to, the table's set, we're ready to argue this case in federal court. And now we can't because of, even if it wasn't unconstitutional assistance of counsel at the first habeas proceeding, it was professionally incompetent, and now we're just out of luck. Okay. Thank you, counsel. Thank you. The case has started to be submitted.
judges: Schroeder, Bybee, Collins